| B104 (Rev.8/87) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Bruce H. Matson, Trustee | Barbara J. Loving<br>3420 Britton Road<br>Richmond, VA 23231 |
| **ATTORNEYS** | **ATTORNEYS** (If Known) |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Sale of Property pursuant to 11 U.S.C. § 363(h)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☐ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☒ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object to or revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)  ☒ 1 Original Proceeding  ☐ 2 Removed Proceeding  ☐ 3 Reinstated or Reopened  ☐ 4 Transferred from Another Bankruptcy Court

| **DEMAND** | NEAREST THOUSAND<br>Unknown | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Milton Earl Knighton, Sr. | BANKRUPTCY CASE NO.<br>05-33511 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District | DIVISIONAL OFFICE<br>Richmond | NAME OF JUDGE<br>Douglas O. Tice, Jr. |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)  ☐ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☒ FEE IS DEFERRED

| DATE<br>May 12, 2006 | PRINT NAME<br>Bruce H. Matson | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Bruce H. Matson |
|---|---|---|

B-104
(Rev. 8/87)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MILTON EARL KNIGHTSON, SR., | ) | Case No. **05-33511-DOT** |
| | ) | |
| _____ | ) | |
| BRUCE MATSON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| BARBARA J. LOVING, | ) | |
| | ) | |
| Defendant. | ) | |

**TRUSTEE'S COMPLAINT TO SELL**
**REAL PROPERTY CO-OWNERS INTEREST IN**

Bruce H. Matson, Trustee ("Trustee") for the estate of Milton Earl Knighton, Sr. (the "Debtor") by counsel, pursuant to 11 U.S.C. § 363 moves the Court for authority to sell certain real property located at Lot 65, Section 2, Currituck County, located in Swan Beach, North Carolina owned by the Debtor and the Defendant (the "Property") to Susan J. Sharkey and Paul F. Sharkey (the "Buyers") and for authority to pay the real estate agent from the sale proceeds pursuant to 11 U.S.C. § 330, and in support thereof, states the following:

---

Bruce H. Matson (Va. Bar No. 22874)
LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23218
(804) 783/2003

Trustee

**Background**

1. On April 14, 2005, the Debtor filed for relief in the above-captioned Bankruptcy Court (the "Court") pursuant to Chapter 7 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2. On April 15, 2005, Bruce H. Matson (the "Trustee") was appointed interim trustee, and no trustee having been elected at the Meeting of Creditors conducted pursuant Section 341 of the Bankruptcy Code, he qualified and serves as Trustee in this case.

3. Barbara J. Loving is a co-owner of the Property (the "Defendant" or the "Co-owner").

**Basis for Relief**

4. Among the assets of the Debtor's bankruptcy estate is a ½ ownership in the Property. A more complete description of the Property is attached hereto as Exhibit A.

5. On or about, July 6, 2005, the Trustee engaged Genelle Carter ("Carter"), of Sun Realty ("Sun"), to market and sell the Property. Carter's proposed employment provides for a commission (the "Commission") of ten percent (10%). The Trustee submitted an application to employ Carter on October 6, 2005.

6. An order approving the employment of Carter of Sun to list and sell the Property was entered on October 27, 2005.

7. Listing of the Property resulted in an offer to purchase the Property for $45,000.00. The Trustee proposes to sell the Property to the Buyers for $45,000.00 (the "Purchase Price").

8. The Trustee seeks authority to sell the Property free and clear of all liens, claims, interests and encumbrances (including any interest that the Defendant may have) pursuant to Sections 363(b), (f) and (h) of the Bankruptcy Code with the ownership interests and/or liens attaching to the proceeds of sales. The Trustee also seeks authority to pay the Commission and, in the Trustee's discretion, any other non-material closing costs typically chargeable against the seller.

9. The Property is encumbered by a deed of trust lien in an amount less than the value of the Property, which lien will be paid at closing if the amount is not disputed by the Trustee.

10. The sale of the Property will benefit the estate and is in the best interest of the Debtors' bankruptcy estate and creditors.

11. The Buyers are good faith purchasers for the purposes of Section 363(m) of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests the Court enter an Order substantially in the form attached hereto as <u>Exhibit B</u>: (A) authorizing the Trustee (i) to sell the interests of the Co-owner in the Property, (ii) to sell the Property to the Buyers free and clear of all liens, claims, interests, and encumbrances, (iii) to pay the valid liens secured by the Property, (iv) to pay closing costs, including payment of the commission, (v) to distribute to the Defendant one-half (1/2) of the net proceeds from a sale of the Property; and (B) granting such other and further relief as is just and appropriate under the circumstances.

        BRUCE H. MATSON, TRUSTEE

/s/ Bruce H. Matson
Chapter 7 Trustee

Bruce H. Matson (Va. Bar No. 22874)
LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23218
(804) 783-2003
    Chapter 7 Trustee

4

EXHIBIT A

## DESCRIPTION OF PROPERTY

ALL that certain lot of land shown and designated at Lot(s) 65, Section 2 on the plat of Swan Beach recorded in Map Book 3, Page 33 in the office of the Register of Deeds of Currituck County.

Being subject to restrictive covenants for Section 2 recorded in Book 113, Page 191 of the Currituck County Registry, and all other restrictions and easements of record.

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MILTON EARL KNIGHTSON, SR., | ) | Case No. **05-33511-DOT** |
| | ) | |
| _____ | ) | |
| BRUCE MATSON, TRUSTEE,       ) | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| BARBARA J. LOVING, | ) | |
| | ) | |
|         Defendant. | ) | |

## ORDER AUTHORIZING TRUSTEE TO SELL REAL ESTATE

This matter came before the Court upon the Trustee's Complaint To Sell Real Estate (the "Complaint"), pursuant to which the Trustee seeks this Court's authority to sell, pursuant to 11 U.S.C. §§ 363(b), (f) and (h), the interests of the Defendant, Barbara J. Loving (the "Co-owner") and the estate's interest in certain real property (the "Property") located at Lot 65, Section 2, Currituck County, located in Swan Beach, North Carolina to Susan J. Sharkey and Paul F. Sharkey (the "Buyers"). Based upon the allegations in the Complaint and representations of counsel for the Trustee, the Court finds as follows:

---

Bruce H. Matson (Va. Bar No. 22874)
LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23218
(804) 783/2003

    Trustee

A. That there are sound and appropriate business reasons for the Trustee to effectuate the transaction described in the Complaint.

B. That a sale of the interests of the Co-owner is authorized under Section 363(h) of the Bankruptcy Code and is appropriated in those circumstances.

C. That the sale of the Property (as described in <u>Exhibit 1</u>) to the Buyer under the terms described in the Complaint is permitted under Section 363(b) of the Bankruptcy Code.

D. That the Buyers are good faith purchasers for the purposes of Section 363(m) of the Bankruptcy Code; and

E. That the Debtor's estate will benefit from the sale of the Property and that the Purchase Price (as defined in the Complaint) is the best price attainable for the Property.

F. That proper service and notice has been provided to the Co-owner, and to all other parties in interest, including, the United States Trustee and all parties requesting notice, such notice constituting proper and sufficient for the purposes of Fed. R. Bankr. P. 2002(a)(2) and 6004(a).

Based upon the foregoing, it is hereby ORDERED as follows:

1. The Trustee is authorized, pursuant to Section 363 (b) and (h) of the Bankruptcy Code, to sell the Property (including any and all interests of the Co-owner, the estate and the Debtor) to the Buyer in accordance with the terms and conditions set forth in the Complaint. Any interests of the Co-owner and/or any holder of a lien against the Property shall attach to the sale proceeds, unless paid or distributed at closing.

2. The Trustee is authorized, pursuant to Section 330 of the Bankruptcy Code, to pay the Trustee's closing costs, including the real estate agent commission from the sale proceeds.

2

The Trustee is also authorized to pay at closing (a) the amount of any valid claim secured by the Property and (b) one-half of the net proceeds of sale to the Co-owner..

3. All capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint.

4. The Property is hereby sold, pursuant to Section 363 (f), to the Buyer, free and clear of all liens, claims, liabilities, interests and/or encumbrances (collectively, the "Liens").

5. Any Objection not properly filed and served by a party within the applicable objection deadlines are and shall be forever waived by the party and barred from assertion against the Trustee or Buyer.

6. The consideration payable by the Buyer constitutes payment of "value," as that term has been defined by courts interpreting Section 363 (m) of the Bankruptcy Code, for the Property and the Buyer is in compliance with Section 363 (m).

7. The Buyer is a purchaser of the Property "in good faith" within the meaning of Section 363 (m) of the Bankruptcy Code.

8. The sale of the Property set forth in the Complaint is in the best interest of the Debtor's estate and its creditors.

9. This Order shall take effect upon entry, and shall not be automatically stayed pursuant to Fed. R. Bankr. P. 6004 (g), 6006 (d), and 7062.

ENTERED:

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE

3

I ASK FOR THIS:

_____
Bruce H. Matson (Va. Bar No. 22874)
LeCLAIR RYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23218
(804) 783-2003

    Chapter 7 Trustee

## LOCAL RULE 9022-1 CERTIFICATION

    Pursuant to LBR 9022-1, I hereby certify that a true copy of the foregoing Order was endorsed by or served upon all necessary parties.

_____
Chapter 7 Trustee

4

## EXHIBIT 1

## DESCRIPTION OF PROPERTY

ALL that certain lot of land shown and designated at Lot(s) 65, Section 2 on the plat of Swan Beach recorded in Map Book 3, Page 33 in the office of the Register of Deeds of Currituck County.

Being subject to restrictive covenants for Section 2 recorded in Book 113, Page 191 of the Currituck County Registry, and all other restrictions and easements of record.

5